McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Petitioners
UNITED STATES OF AMERICA and RO WILLIAM RYDER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and WILLIAM RYDER, Revenue Officer, Internal Revenue Service,<br><br>　　　　Petitioners,<br><br>　　v.<br><br>ALLEN S. TURNER,<br><br>　　　　Respondent. | 2:06-mc-00004-FCD-PAN (JFM)<br><br>**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT**<br><br>Taxpayer: ALLEN S. TURNER |

This matter came before me on April 13, 2006, under the Order to Show Cause filed February 2, 2006, which, with the verified petition and exhibit, was personally served on the respondent on February 22, 2006. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer William Ryder was present. Respondent did not file an opposition but was present at the hearing.

The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the Petition) in aid of Revenue Officer William Ryder's investigation for tax collection for the year 2000. Subject matter jurisdiction is invoked under 28 U.S.C. §§ 1340 and 1345, and is found to be proper. Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a). The Order to Show

Cause shifted to respondent the burden of rebutting any of the four requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

I have reviewed the petition and documents in support. Based on the uncontroverted verification of Revenue Officer Ryder and the entire record, I make the following findings:

(1) The summons issued by Revenue Officer William Ryder to respondent Allen S. Turner on January 27, 2005, seeking testimony and production of documents and records in respondent's possession, was in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine financial information to aid in the collection of the duly assessed and noticed tax liabilities of Allen S. Turner for the year 2000.

(2) The information sought is relevant to that purpose.

(3) The information sought is not already in the possession of the Internal Revenue Service.

(4) The administrative steps required by the Internal Revenue Code have been followed.

(5) There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

(6) The verified petition and its exhibit made a prima facie showing of satisfaction of the requirements of <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964).

(7) The burden shifted to respondent, Allen S. Turner, to rebut that prima facie showing.

(8) Despite respondent's appearance at the hearing, Respondent presented no argument or evidence to rebut the prima facie showing.

It is therefore the recommendation of the Magistrate Judge that the IRS summons issued to respondent, Allen S. Turner, be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer William Ryder or his designated representative, on Thursday, May 18, 2006, at 11:00 a.m., or at a later date and time set in writing by the Revenue Officer, then and there to be sworn, to give testimony, and to produce for examining and copying the books, checks,

records, papers and other data demanded by the summons, the examination to continue from day to day until completed.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of the United States District Court for the Eastern District of California. Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The District Judge will then review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

It is SO ORDERED.

DATED: April 18, 2006.

[signature]
UNITED STATES MAGISTRATE JUDGE